T.C. Summary Opinion 2006-91


UNITED STATES TAX COURT


RICHARD A. MULLEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5187-05S.                    Filed May 30, 2006.


Richard A. Mullen, pro se.

<u>Louise R. Forbes</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case for the
redetermination of a deficiency was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for 2003.  The decision to be entered is not reviewable by

any other court, and this opinion should not be cited as authority.

Respondent determined a $1,997.40 deficiency in petitioner's 2003 Federal income tax. The issues for decision are: (1) Whether petitioner qualifies as a head of household, and (2) whether petitioner is entitled to treat either of his children as a qualified child for purposes of the earned income credit.[1]

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Shelburne Falls, Massachusetts.

Petitioner and Lisa Marie DiBiccari (Ms. DiBiccari) married on June 29, 1991. They have two children, both of whom were minors during the year in issue (the children).

In June 2002 petitioner, as the tenant, entered into a lease covering a large house, identified and referred to in the lease as "the premises". Apparently, petitioner and the landlord who owned the house were involved in a personal relationship. The lease provides for a specific amount of rent petitioner was

---

[1] Respondent's pretrial memorandum indicates that petitioner's entitlement to the child tax credit is also in dispute. A careful review of the notice of deficiency, however, shows that petitioner was allowed a greater child tax credit than claimed on his return. The additional child tax credit claimed on petitioner's return was, contrary to a discussion on the point during trial, disallowed. The disallowance of the additional child tax credit is computational and need not be addressed in this opinion.

obligated to pay, part in cash and part through providing maintenance services to the landlord at the premises.[2] The lease was in effect throughout 2003, and the "premises" referred to in the lease constituted petitioner's residence during that year. According to the lease, petitioner had the "right to use of all parts of the premises", as did the landlord. The lease reflects the understanding between petitioner and the landlord that petitioner's children "will stay at the premises at least 50% of the year".

Petitioner and Ms. DiBiccari apparently separated several years before the year in issue. Petitioner is the named defendant in a Complaint for Divorce filed on September 7, 2000, by Ms. DiBiccari in the appropriate Massachusetts court (the divorce proceeding). A pretrial order issued in 2002 in the divorce proceeding indicates that petitioner and Ms. DiBiccari agreed by stipulation that she would have "physical custody" of the couple's children; "legal custody" of the children was identified in the pretrial order as a "contested issue remaining for resolution".

Petitioner and Ms. DiBiccari entered into a separation agreement dated November 24, 2003, that by its terms was intended to be incorporated in the divorce decree eventually to be entered

---

[2] None of the income reported on petitioner's 2003 return reflects this arrangement.

in the divorce proceeding. As relevant here, in the separation agreement, petitioner and Ms. DiBiccari agreed: (1) To share "legal custody" over the children, and (2) that the "children shall reside primarily" with Ms. DiBiccari.

The separation agreement gives petitioner "the right to have the children" for a total of 182 days during the year, which days are determined by a specific schedule included in the agreement.[3] As it turned out, for various reasons petitioner and Ms. DiBiccari did not strictly adhere to the schedule set forth in the separation agreement, and at any time during the year the children, or either of them, might or might not have been where the schedule suggested each should be. Petitioner maintained a calendar on which he recorded the days that each of the children was with him at his residence, as did Ms. DiBiccari.[4] At all times relevant, for Federal income tax purposes, petitioner and Ms. DiBiccari considered the latter as the children's custodial parent. See sec. 152(e).

Petitioner filed his timely 2003 Federal income tax return as a head of household. The taxable income and income tax liability shown on that return take into account the standard deduction attributable to that filing status. The refund claimed

---

[3] At trial petitioner equated those 182 days during 2003 as "50% of the time", which, of course, is not quite right as there were 365 days during that year.

[4] Neither calendar was made part of the record.

on that return takes into account a $1,509 earned income credit. On a Schedule EIC, Earned Income Credit, included with petitioner's return, petitioner lists each of his children as a qualifying child for purposes of that credit.

In the notice of deficiency, respondent changed petitioner's filing status from head of household to single and made adjustments that result from that change. Respondent also disallowed the earned income credit claimed on petitioner's 2003 return. Other adjustments made in the notice of deficiency are computational and need not be addressed.

### Discussion

According to respondent, petitioner does not qualify as a head of household for 2003 because during that year his household did not constitute the principal place of abode for either of his children for more than one-half of that year. See sec. 2(b)(1)(A). For the same reason, respondent takes the position that petitioner may not treat either of his children as a qualifying child for purposes of the earned income credit, see sec. 32(c)(3)(A)(ii), and therefore he is not entitled to that credit.[5]

---

[5] Although it appears that petitioner was otherwise eligible for the credit, see sec. 32(c)(1)(A)(ii), without a qualifying child, the amount of his adjusted gross income for 2003 effectively denies him any credit for that year. See sec. 32(b) and (f).

According to petitioner, his residence during 2003 constituted the principal place of abode for both of his children for more than one-half of 2003. Petitioner testified that during 2003, the children were with him for more days than suggested in the schedule set forth in the separation agreement. Ms. DiBiccari, who was called as a witness by respondent, agreed that the schedule set forth in the separation agreement was not honored during 2003, but she testified that the children were at petitioner's residence for fewer days than suggested in the agreement. When questioned by petitioner during cross-examination regarding her proof on this point she responded: "Well, I guess it's my word against yours".

As far as the parties are concerned, the resolution of this factual dispute effectively resolves the contested issues in this case. Apparently, the parties expect that the word "principal," as used in the phrase "principal place of abode" in the above-cited sections should be construed or defined with reference to time spent at competing locations; i.e., the residence where the children spent the majority of the year constitutes their principal place of abode. Although this is not an unreasonable expectation, under the circumstances, placing the children at the residence of either parent on any given day during 2003 is neither determinative nor illustrative, and is therefore unnecessary.

It matters not whether we accept petitioner's or Ms. DiBaccari's version of events. Under either version, the children resided with one or the other for slightly more or slightly less than 50 percent of the year. Furthermore, to the extent that the near equal split contemplated in the schedule set forth in the settlement agreement was upset by minor variances, those variances might very well be ignored in deciding which residence was the children's principal place of abode during 2003. See sec. 1.2-2(c), Income Tax Regs.

Obviously, where the children resided during 2003 must be considered in establishing their principal place of abode for that year. Nevertheless, petitioner and Ms. DiBiccari expressly agreed in the separation agreement that "the children shall reside primarily" with her. If the children resided at petitioner's residence for a substantially longer portion of 2003, then we would attach little significance to this agreement. As we view the matter, because time spent by the children at competing locations was so close to being equal, the above-quoted express language in the separation agreement constrains us to find that petitioner's residence was not the principal place of abode of either of his children for more than one-half of 2003.

It follows that petitioner does not qualify as a head of household and is not entitled to an earned income credit for that year. Respondent's adjustments to that end are sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.